Wyatt HOWARD, Plaintiff—Appellant,

v.

SMITHKLINE BEECHAM
CORPORATION; et al.,
Defendants—Appellees.

No. 06–15159.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2007 *.

Filed Nov. 26, 2007.

Marilee Marshall, Esq., Arthur Corona, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Plaintiff–Appellant.

Erica M. Long, Esq., Todd P. Davis, Esq., King & Spalding, LLP, Atlanta, GA, Thomas W. Pulliam, Jr., Esq., Michelle Ann Childers, Esq., Drinker Biddle & Reath LLP, San Francisco, CA, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

The district court correctly concluded that Howard's claim is barred by limitations.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

California law provides that a cause of action accrues "when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.,* 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79, 83 (1999). Accrual may be delayed, however, if the discovery rule applies. "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing." *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923, 927 (1988). Howard relies on a different formulation of the rule, citing *Pereira v. Dow Chem. Co., Inc.,* 129 Cal.App.3d 865, 181 Cal.Rptr. 364 (1982). This reliance is misplaced. "To the extent *Pereira* supports [Howard's] belief that accrual of the statute of limitations is delayed until the claimant has knowledge of specific facts establishing causation, it has been superseded by *Jolly.*" *Rivas v. Safety–Kleen Corp.,* 98 Cal.App.4th 218, 119 Cal. Rptr.2d 503 (2002).

Howard's attorney's declaration March 28, 2001, combined with Howard's own letter November 13, 2001, establishes that he "suspect[ed]" the claimed wrongdoing at least as early as November 13, 2001.

Effective January 1, 2003, the statute of limitations applicable to actions such as this was extended from one to two years. *Compare* Cal.Civ.Proc.Code § 340(3) (one year statute of limitations for "injury to . . . one caused by the wrongful act or neglect of another"), *with* Cal.Civ.Proc. Code § 335.1 (West 2006) (two year statute of limitations for same). This change does not apply retroactively. *See Doe v. Mann,* 285 F.Supp.2d 1229, 1241 n. 6 (N.D.Cal.2003). Therefore, because Howard's cause of action accrued no later than November 13, 2001, it was subject to a one-year statute of limitations. *See* Cal. Civ.Proc.Code § 335.1 (West 2006).

The statute of limitations may be tolled if the defendant to an action "fraudulently concealed facts which would have led [the plaintiff] to discover his potential cause of action." *Snow v. A.H. Robins Co., Inc.,* 165 Cal.App.3d 120, 211 Cal.Rptr. 271, 275 (1985). Though Howard argues that such tolling is appropriate here, he has submitted no admissible evidence to support this claim.

Finally, the statute of limitations is tolled for a maximum of two years if the plaintiff is imprisoned at the time the cause of action accrued. *See* Cal.Civ.Proc. Code § 352.1 (West 2006). Assuming that Howard was imprisoned at all relevant time, giving him three years instead of one to file suit, he would have had to file by November 2004. He did not file suit until August 1, 2005.

AFFIRMED.